IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUGLOS ORELLANA-RIVERA, | ) | |
| ID # 47878-177, | ) | |
|         Movant, | ) | No. 3:16-CV-0570-D (BH) |
| vs. | ) | No. 3:13-CR-0505-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received March 1, 2016 (doc. 1), should be **DENIED** with prejudice.

## I.  BACKGROUND

Duglos Orellana-Rivera (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-505-D.  The respondent is the United States of America (Government).

### A.    Plea and Sentencing

By indictment filed on December 17, 2013, Movant was charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 2251(a), (3), and two counts of possession of child pornography in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  (*See* doc. 1.)[1]  He pled guilty on October 3, 2014.  (*See* doc. 34.)  Movant admitted in the factual resume that he knowingly possessed two pistols and a rifle, and that he had previously been convicted of two crimes that were punishable by imprisonment for more than one year.  (*See* doc. 18 at 2.)

On December 19, 2014, the United States Probation Office (USPO) prepared a Presentence

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-505-D.

Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG).  (*See* doc. 25-1 at 8, ¶ 25.)  It found that the base offense level was 22, and added two levels under USSG § 2K2.1(b)(1)(A) because the offense involved three firearms.  (*See id*. at 8-9, ¶¶ 26, 27.)  One of the firearms was stolen, so it added two levels under USSG § 2K2.1(b)(4)(A).  (*See id*., ¶ 28.)  The firearms were possessed in relation to other felony offenses, and two levels were added under USSG § 2K2.1(b)(6)(B).  (*See id*., ¶ 29.)  Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27.  (*See id*., ¶¶ 35, 36, 37.)  With a criminal history category of four, the resulting guideline range was 100-125 months' imprisonment.  (*See id*. at 23, ¶ 82.)  The statutory maximum sentence was 10 years' imprisonment, so the guideline range was 100-120 months' imprisonment.  (*See id*.)

On February 6, 2015, Movant was sentenced to 112 months' imprisonment.  (*See* doc. 31 at 2.)  He did not appeal.

**B.    Substantive Claims**

Movant now raises the following grounds:

Counsel was ineffective for:

(a) failing to object to the two-level increase under § 2K2.1(b)(1)(A) (offense involved three firearms) based on double jeopardy;

(b) failing to object to the two-level increase under § 2K2.1(b)(4)(A) (stolen firearm) based on *Alleyne*;

(3:16-CV-570-D, doc. 1 at 4-5.)  The Government filed its response on April 12, 2016 (doc. 6), and Movant filed a reply on May 17, 2016 (doc. 9).

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at

3

696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not

raise a constitutional issue in a federal habeas proceeding").

## A.    **Double Jeopardy**

Movant contends that counsel should have objected to the two-level increase for three firearms under § 2K2.1(b)(1)(A). He claims that he was subjected to double jeopardy because he was facing state criminal charges for those firearms.

The Double Jeopardy Clause provides in relevant part: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under the concept of "dual sovereignty," "an act of a defendant may be made a crime under both federal and state laws and the defendant may be punished by each sovereign for the same act without offending the Double Jeopardy Clause." *United States v. Patterson*, 809 F.2d 244, 247 (5th Cir. 1987) (citing *Abbate v. United States*, 359 U.S. 187, 195 (1959). There is no double jeopardy violation under the dual sovereignty doctrine where the federal and state governments each prosecute a defendant for a violation of firearms laws. *See United States v. Bishop*, 2006 WL 1443687 at *2 (E.D. Tex. May 24, 2006). Counsel was not ineffective for failing to raise a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Movant is not entitled to relief on this claim.

## B.    *Alleyne*

Movant contends that counsel should have objected to the two-level increase under § 2K2.1(b)(4)(A) for a stolen firearm. He asserts that a jury should have made that determination, and the sentence enhancement should have been alleged in the indictment under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory

minimum sentence must be alleged in the indictment and submitted to a jury and proven beyond a reasonable doubt. *Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (citing *Alleyne*, 133 S.Ct. at 2160). "[*Alleyne*] did not imply that the traditional fact-finding on relevant conduct, to the extent it increases the discretionary sentencing range for a district judge under the Guidelines, must now be made by jurors." *United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014). "[*Alleyne*] did not suggest that the setting of Sentencing Guidelines ranges in a PSR, which structure but do not control district judge discretion, were subject to the [requirement of fact-finding by the jury]. The statutory minimum of the offense of conviction will apply once guilt is determined on the elements charged in the count of conviction." *Id.* at 412-13. *Alleyne* did not address discretionary guideline enhancements that are determined by a court. *United States v. Romans*, 823 F.3d 299, 316 (5th Cir. 2016). The two-level increase for a stolen firearm under § 2K2.1(b)(4)(A) did not increase a mandatory minimum sentence, so *Alleyne* does not apply. *See United States v. Tiner*, No. 4:14–CV–454–A, 2014 WL 4063335 at *2 (N.D. Tex. Aug. 15, 2014) (*Alleyne* did not apply to an enhancement under § 2K2.1(b)(1)(A) for the number of firearms involved). Counsel was not ineffective for failing to raise a meritless objection. *See Kimler*, 167 F.3d at 893. Movant is not entitled to relief on this claim.

## IV.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

6

**SO RECOMMENDED** this 26th day of February, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE